UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LORREN V. WHITFIELD,
ANGEL LUIS TORRES JR.,

          Plaintiffs,

v.

KEVIN C. McCLANAHAN, ROBERT
MEYERSON, GREGORY GREENE, MIKELLE
V. KOMOR, MICHAEL SANTANGELO,
KAREN B. ROTHENBERG, NOACH DEAR,
JOHN/JANE DOE/S 1-25,

          Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
19-CV-0176 (WFK) (LB)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On January 9, 2019, plaintiffs Lorren V. Whitfield and Angel Luis Torres, Jr., proceeding *pro se*, filed this action against defendants and paid the filing fee to commence this action.

As an initial matter, it is unclear whether Angel Luis Torres, Jr. ("Torres") has standing to bring this action. The complaint fails to show what role, if any, Torres has in this action. To the extent Torres is seeking to represent Lorren V. Whitfield ("Whitfield") in this action, he may not do so. It is well-settled that a lay person cannot represent another individual. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a lay person may not represent a corporation or a partnership or appear on behalf of his or her own child."). If Torres is not a licensed lawyer admitted to the Bar of the State of New York and this District, he is prohibited from representing Whitfield in this matter. Accordingly, the Court shall address the complaint as filed by Lorren V. Whitfield as the sole plaintiff. For the reasons set forth below, plaintiff's complaint is dismissed in part.

1

## BACKGROUND

This is plaintiff Whitfield's second complaint arising from the foreclosure of property located at Apartment 3C, 246-250 Sumpter Street in Brooklyn ("the property") entered in the Supreme Court of the State of New York, County of Kings. *See PNC Bank v. Whitfield*, Index No. 502623/2014. Last month, plaintiff filed an action against PNC Bank, McCabe, Weisberg & Conway P.C. and LeClairRyan P.C., over the same foreclosure and eviction proceeding at issue here. *See Whitfield v. McCabe, Weisberg & Conway, P.C.*, No. 18-cv-7259 (WFK) (LB) (filed Dec. 20, 2018). On March 6, 2017, the state court entered a Judgment of Foreclosure and Sale. *See PNC Bank N.A. v. Whitfield*, Index No. 502623/2014, Doc. No. 59 (N.Y.Sup. Ct. 2017) (Judgment of Foreclosure and Sale). PNC Bank thereafter filed a holdover petition against Whitfield in New York City Civil Court, County of Kings under Index No. 56471-2018. Compl. at 48. On July 11, 2018, the Civil Court granted PNC Bank's holdover petition and directed Whitfield to vacate the property by August 11, 2018. *Id.* at 18-19. Recently, plaintiff filed an order to show cause to stay the proceedings which was denied by Judge Noach Dear. *See PNC Bank N.A. v. Whitfield*, Index No. 502623/2014, Doc. No. 80 (Order).

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous, or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999).

## DISCUSSION

Judicial Immunity

Plaintiff sues three state court judges: Judge Kevin C. McClanahan of the Civil Court of the City of New York, Judge Karen B. Rothenberg of the Supreme Court of the State of New York, and Judge Noach Dear of the Supreme Court of the State of New York. It is well-settled that judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages."); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Stump*, 435 U.S. at 356. As the alleged wrongdoing of these defendants were acts performed in a judicial capacity, plaintiff's claims against these defendants is foreclosed by absolute immunity and are dismissed. *Montero*, 171 F.3d at 760; *Tapp v. Champagne*, 164 F. App'x 106 (2d Cir. 2006) (summary order).

Rooker-Feldman Doctrine

To the extent plaintiff asks this Court to review and reject a judgment of foreclosure and a judgment of holdover/eviction entered in state court, those claims are also barred. Pursuant to the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). The doctrine applies when (1) the federal court plaintiff has lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites the federal court to review and reject that judgment; and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court. *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). As the Second Circuit has explained, "[j]ust presenting in federal court a legal theory not raised in state court[] cannot insulate federal plaintiff's suit from *Rooker-Feldman* if the federal suit nonetheless complains of injury from a state-court judgment and seeks to have that state-court judgment reversed." *Hoblock*, 422 F.3d at 86.

Here, the *Rooker-Feldman* doctrine applies because (1) plaintiff challenges a state foreclosure judgment and a holdover/eviction judgment; (2) the alleged injuries stemmed from those judgments; (3) plaintiff seeks review and rejection of the state court's judgments; and (4) plaintiff filed the district court complaint after the state court's judgments were issued. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (state foreclosure action and judgment barred from district court review by *Rooker-Feldman* doctrine); *Morris v. Sheldon J. Rosen P.C.*, No. 11 CV 3556, 2012 WL 2564405, at *4-5 (E.D.N.Y. July 2, 2012) (holdover/eviction judgment barred from district court review by *Rooker-Feldman*

doctrine), *aff'd sub nom.* 577 F. App'x 41 (2d Cir. 2014) (summary order); *Murphy v. Riso*, No. 11-CV-0873, 2012 WL 94551, at *6 (E.D.N.Y. Jan. 12, 2012) (noting that "numerous courts in this Circuit ... have consistently held that attacks on a judgment of foreclosure are barred by the *Rooker-Feldman* doctrine" and listing cases); *see also Swiatkowski v. New York*, 160 F. App'x 30, 32 (2d Cir. 2005) (affirming dismissal on *Rooker-Feldman* grounds where plaintiffs alleged "various civil and constitutional rights violations" but their claims "essentially amount[ed] to an objection to the disposition of the foreclosure action" by the state court). The Court concludes that the *Rooker-Feldman* doctrine applies to that portion of plaintiff's complaint seeking to overturn the foreclosure and holdover/eviction judgments issued by the state courts.

However, to the extent plaintiff alleges that the remaining defendants are debt collectors who violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, that claim is not barred by the *Rooker-Feldman* doctrine. *See Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 82 (2d Cir. 2018) ("[A] foreclosure action is an 'attempt to collect a debt' as defined by the FDCPA.").

## CONCLUSION

Accordingly, plaintiff's complaint filed against Judges McClanahan, Rothenberg and Dear is dismissed as frivolous. Plaintiff's complaint seeking to overturn the foreclosure judgment and eviction/holdover judgment issued by the state courts is dismissed pursuant to the *Rooker-Feldman* doctrine.

However, plaintiff's complaint against the remaining defendants -- Robert A. Meyerson, Michael Santangelo, Gregory Greene and Mikelle Komor -- shall proceed.[1]

---

[1] At present, plaintiff fails to provide facts to support a plausible claim against the remaining defendants for any violations of the United States Constitution as it does not apply to private parties, *see Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005), or provide facts to support a cognizable claim under the following federal statutes: 18 U.S.C. §§ 241, 242, 985, 1341, 42 U.S.C. § 1983, 28 U.S.C. § 1350 and 15 U.S.C. § 1692.

In light of plaintiff's *pro se* status, the Court grants plaintiff leave to file an amended complaint to provide facts in support of his claims against the remaining defendants within 30 days from the entry of this Order. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). If plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 19-CV-176 (WFK) (LB). The amended complaint shall replace the original complaint.

Plaintiff is reminded that he must effect service of process of the summons and complaint (and amended complaint, if filed) upon the remaining defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Although plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED:**

s/WFK

WILLIAM F. KUNTZ, II
United States District Judge

Dated: February 21, 2019
       Brooklyn, New York