FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 29 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LORREN WHITFIELD,

                Plaintiff,

    -against-

ROBERT MEYERSON, GREGORY GREENE,
MIKELLE V. KOMOR, and MICHAEL SANTANGELO,

                Defendants.
------------------------------------------------------------------X

**REPORT & RECOMMENDATION**
**19 CV 176 (WFK)(LB)**

**BLOOM, United States Magistrate Judge:**

    Plaintiff, proceeding *pro se*, commenced this action on January 9, 2019. ECF No. 1. The Court dismissed Judges McClanahan, Rothenberg, and Dear as defendants on February 22, 2019. ECF No. 7. The complaint proceeded against defendants Meyerson, Greene, Komor, and Santangelo. Id. The Federal Rules of Civil Procedure provide that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

    On June 4, 2019, the Court ordered plaintiff to serve defendants Meyerson, Greene, Komor, and Santangelo with the summons and complaint and file proof of service by July 8, 2019. ECF No. 17. On June 20, 2019, plaintiff filed a document entitled "Cover Letter for Affidavit of True Identity and Conflict of Laws with demand for Immunity." Plaintiff was reminded that he must file proof of service on defendants Meyerson, Santangelo, Greene, and Komor by July 8, 2019 or his case would be dismissed. ECF No. 21.

    Since that time, plaintiff has filed a "Demurrer and Affidavit" (ECF No. 22), and an Affidavit of RICO Activity (ECF No. 24.) Plaintiff has also filed an affidavit of service of process with an incorrect case number, purportedly for Robert Meyerson, which states that service was effectuated on a "Jane

1

Doe" office receptionist at McCabe, Weisberg & Conway. ECF No. 23. The affidavit of service further states "substitute service- Business." Id.

Although plaintiff filed an affidavit of service for Robert Meyerson, the affidavit does not demonstrate that service on this defendant was properly made. Pursuant to the Federal Rules of Civil Procedure, "an individual. . . may be served . . . by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e). Section 308 of New York Civil Practice Law and Rules, which governs personal service upon a natural person, provides, in pertinent part, that

> Personal service upon a natural person shall be made . . .
> 2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business... of the person to be served and by either mailing the summons to the person to be served at... her last known residence or by mailing the summons by first class mail to the person to be served at. . . her actual place of business[.]
>
> 6. For purposes of this section, "actual place of business" shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business.

N.Y. C.P.L.R. § 308.

A person's actual place of business is where the person is physically present with regularity, and it must be shown that the person regularly transacts business at that location. See Selmani v. City of N.Y., 954 N.Y.S.2d 580, 582 (App. Div. 2012). Plaintiff makes no showing that defendant Robert Meyerson was served at his actual place of business. There is no showing that the summons and complaint was brought to the actual attention of defendant Robert Meyerson.

Accordingly, because Plaintiff has failed to file proof of proper service for defendants Meyerson, Santangelo, Greene, and Komor by July 8, 2019, it is respectfully recommended that plaintiff's action should be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed.

R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/ Judge Lois Bloom
LOIS BLOOM
United States Magistrate Judge

Dated: October 30, 2019
   Brooklyn, New York

3